People v Fuentes (2023 NY Slip Op 51399(U))

[*1]

People v Fuentes (Henry)

2023 NY Slip Op 51399(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2022-515 S CR

The People of the State of New York, Appellant,
against
Henry Fuentes, Respondent. 

Suffolk County District Attorney (Karla Lato and Glenn Green of counsel), for appellant.
Suffolk County Legal Aid Society (Amenda E. Schaefer of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Pierce F. Cohalan, J.), dated April 11, 2022. The order granted defendant's motion for an order finding the initial and supplemental certificates of compliance invalid and, upon such a finding, dismissing the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated.

ORDERED that the order is reversed, on the law, defendant's motion for an order finding the initial and supplemental certificates of compliance invalid and, upon such a finding, dismissing the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated is denied, the accusatory instruments are reinstated, and the matter is remitted to the District Court for all further proceedings.
On January 29, 2020, defendant was charged in a misdemeanor information with harassment in the second degree (Penal Law § 246.26 [1]), obstruction of governmental administration in the second degree (Penal Law § 195.05) and petit larceny (Penal Law § 155.25), and, in a simplified information, with unlawful possession of alcohol (Alcoholic Beverage Control Law § 65 [1]). The People filed a certificate of compliance (CoC) and a statement of readiness (SoR) on May 11, 2021 (see CPL 30.30 [5]; 245.50) and, thereafter, filed supplemental CoCs.
In February 2022, defendant moved for an order finding the initial and supplemental CoCs invalid and, upon such a finding, to dismiss the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated because the People had failed to disclose Internal Affairs Bureau (IAB) reports regarding the police officer who testified at a Huntley/Dunaway hearing in this proceeding. The IAB reports involved the officer's conduct in connection with a wholly unrelated case involving a different individual more than two years [*2]before defendant was charged. Defendant argued that the People's failure to disclose the IAB reports violated CPL 245.20 (1) (k) (iv) and, as a result, the CoCs and SoRs were illusory and invalid, causing defendant's statutory right to a speedy trial to be violated. In opposition, the People asserted that they had acted with due diligence to try to obtain the IAB reports and that, as the IAB reports exonerated the officer, the delayed disclosure does not render the CoCs and SoRs invalid. By order dated April 11, 2022, the District Court held that the IAB reports should have been disclosed, that the People's claim of due diligence was unavailing, and that, as a result, because the People's CoCs and SoRs were invalid until the IAB reports were belatedly produced, defendant's motion to dismiss the accusatory instruments due to the violation of defendant's statutory right to a speedy trial was granted.
Criminal Procedure Law article 245 provides for "automatic" disclosure by the People of certain items. Criminal Procedure Law § 245.20 (1) (k) (iv) provides that the People shall automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including. . . [a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witness" (emphasis added). It is undisputed that the contents of the IAB files at issue here are not "relate[d] to the subject matter of the case" (CPL 245.20 [1]). Consequently, there were no IAB files here that were subject to automatic discovery (see People v Johnson, 218 AD3d 1347 [2023]; cf. People v Hamizane, 80 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]) and, thus, the People did not violate the discovery requirements of article 245 of the Criminal Procedure Law by failing to disclose the contents of IAB files for the law enforcement officer who the People intended to call as a trial witness.
Accordingly, the order is reversed, defendant's motion for an order finding the initial and supplemental certificates of compliance invalid and, upon such a finding, dismissing the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated is denied, the accusatory instruments are reinstated, and the matter is remitted to the District Court for all further proceedings
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023